MICHAEL E. BREWER, Bar No. 177912
mbrewer@littler.com
ALEXA L. WOERNER, Bar No. 267609
awoerner@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Attorneys for Defendant
CVS PHARMACY, INC.

STEVEN KESTEN, Bar No. 152376
stevenkesten@gmail.com
JEREMIAH STEPHENS-SMIDDY, SBN 267805
jeremiahsmiddy@gmail.com
KESTEN -LAW
P.O. Box 426
San Anselmo, CA 94979
Telephone: 415.457.2668
Facsimile: 415.457.2848

PETER F. LACQUES, Bar No. 172970
LAW OFFICE OF PETER F. LACQUES
400 Red Hill Avenue
San Anselmo, CA 94960
Telephone: 415.454.2100
Facsimile: 888.848.9519

Attorneys for Plaintiff
TRI QUACH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRI QUACH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CVS PHARMACY, INC., and DOES 1-20, inclusive, <br><br> Defendant. | Case No. C13-02695-EMC <br><br> **STIPULATED PROTECTIVE ORDER** |

1  WHEREAS, the parties herein agree that the proceedings in the above-entitled action may involve the production of financial, proprietary and/or other information that either party or a third party considers to be sensitive, confidential and/or proprietary; and

WHEREAS, the parties herein have read and understand Local Rule 79-5 and agree to abide by its terms;

THEREFORE, IT IS HEREBY STIPULATED by and among the undersigned parties, through their counsel of record that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.  This Stipulated Confidentiality Agreement and Protective Order ("Order") issued thereon shall govern all documents and discovery materials produced within the context of this litigation.

2.  As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

3.  Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or reasonably believes such information constitutes confidential or proprietary information and/or trade secrets relating to the client's business and/or information in which the party or third parties have a privacy interest. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "CONFIDENTIAL" information or documents may be referred to collectively as "CONFIDENTIAL INFORMATION."

4.  As used herein, the term CONFIDENTIAL INFORMATION shall refer to:

(a)  Any documents (including any portions thereof and any information contained therein) designated to be confidential by any party and which has had stamped or affixed thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

2. STIPULATED PROTECTIVE ORDER

1 by the designating party.

2       (b) All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, shall initially be treated as CONFIDENTIAL INFORMATION and be included within the terms of this Order without the necessity of designating the testimony as CONFIDENTIAL INFORMATION. Upon transcription of the deposition, counsel shall have 20 days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript designated as confidential. Depositing the written notice in the United States mail within such twenty 20 days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no designation is made, shall not be confidential and shall not be within the terms of this Order. Alternatively, the parties may agree during any deposition that a part or all of the testimony shall be designated as CONFIDENTIAL INFORMATION. The parties may agree that the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter. Alternatively, the parties may agree that part of the testimony is CONFIDENTIAL without having that designated part transcribed in a separate volume.

      (c) CONFIDENTIAL INFORMATION does not include any information or documents lawfully obtained or produced by a party outside of the context of discovery in this litigation. However, nothing in this Order shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

      5. In the event a party challenges another party's confidential designation, the party who objects to the designation of material as CONFIDENTIAL INFORMATION shall notify the designating party in writing of that objection, specifying the designated material to which the objection is made. Within 10 days of service of the written objection, counsel shall meet and confer in good faith to attempt to resolve the dispute. In the absence of a resolution, the challenging party may thereafter seek resolution by the Court in a timely manner. If no such motion is filed within 45 days after the parties "meet and confer" as provided above, the material will be deemed conclusively subject to the protection of this Order for purposes of discovery. The designating party shall have

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

3.     STIPULATED PROTECTIVE ORDER

1  the burden of establishing the confidential nature of the designated material and that it is entitled to
2  protection under applicable law. All documents designated confidential information pursuant to this
3  Order shall remain confidential unless and until any such motion by the objecting party is granted
4  and the Court declares that the designated material is not subject to the protection of this Order.

5    6. Unless ordered by the Court, or otherwise provided for herein, the
6  CONFIDENTIAL INFORMATION disclosed pursuant to this Order will be held and used by the
7  person receiving such information solely for use in connection with the above-captioned action.
8  Persons receiving such confidential information shall not reveal to or discuss such information with
9  any person who is not entitled to receive such information.

10    7. Information or documents designated as "CONFIDENTIAL" shall not be
11  disclosed to any person, except:

12    (a) The requesting party and counsel, including the respective personnel of the
13  law firms involved in this action and in-house counsel;

14    (b) Any agent, officer, director, or employee of a party to the extent deemed
15  reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

16    (c) Consultants or experts (together with their staff) retained by counsel of record
17  on behalf of the parties;

18    (d) Any person from whom testimony is taken or is to be taken in this action,
19  except that such a person may only be shown that CONFIDENTIAL INFORMATION during and in
20  preparation for his/her testimony and may not retain the CONFIDENTIAL INFORMATION.

21    (e) Any other person(s) as to whom the parties agree in writing pursuant to
22  paragraph 10;

23    (f) Court reporter(s) and their staff employed in this action;

24    (g) The Court (including any clerk, stenographer, or other person having access to
25  any CONFIDENTIAL INFORMATION by virtue of his or her position with the Court) or the jury at
26  trial or as exhibits to motions;

27    8. Prior to disclosing or displaying the Confidential Information to any person,
28  counsel shall:

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

4. STIPULATED PROTECTIVE ORDER

(a) Inform the person of the confidential nature of the information or documents; and

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 7 (c)-(e) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. For witnesses, consultants, or experts who are under the control of either party, that party must assure that the person signs the Confidentiality Agreement that is attached hereto as Exhibit A. If an individual is not under the control of either party, both parties shall attempt to have them execute the Confidentiality Agreement that is attached hereto as Exhibit A. In the event such person refuses to sign this Confidentiality Agreement, the party desiring to disclose the CONFIDENTIAL INFORMATION may seek appropriate relief from the Court. In no event shall the provisions of this Order prevent a party from deposing a witness and utilizing all relevant documents simply because the witness has refused to sign the Confidentiality Agreement.

10. If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any CONFIDENTIAL INFORMATION, or information derived therefrom, to any person not described in paragraph 7 of this Order, counsel for such party must request permission from counsel for the designating party in writing and state the purpose of the disclosure. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise. However, each party may disclose its own CONFIDENTIAL INFORMATION without regard to this Order unless otherwise under an existing duty to another person not to do so.

11. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as CONFIDENTIAL INFORMATION provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

5. STIPULATED PROTECTIVE ORDER

or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

12. Nothing in this Order constitutes an admission by any party that CONFIDENTIAL INFORMATION disclosed in this case is relevant or admissible, nor does it constitute an admission by any party that any information that it or any opponent designates as CONFIDENTIAL INFORMATION is in fact proprietary information and/or a trade secret, and/or information in which a party or third parties have a privacy right. Notwithstanding the foregoing, all parties to this Stipulation reserve all trade secret, proprietary information, and/or privacy objections with respect to materials they believe may be encompassed in a discovery request.

13. Notwithstanding the provisions of paragraph 12, above, where a party believes that a third party or parties have a privacy interest in CONFIDENTIAL INFORMATION, that party may, in place of or in addition to producing such CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulation and Order, meet and confer with other counsel to attempt to limit the information produced or the use of the information so as to balance the privacy interests of the third parties with the interest of the party seeking the material. In the event the parties are unable to agree on terms for the production and use of the CONFIDENTIAL INFORMATION, the matter may be submitted to the Court, either by way of motion for protective order or to compel responses to discovery, so that the Court can make an appropriate order balancing the privacy rights of the third parties with the needs of the parties for the information in prosecuting or defending the lawsuit.

14. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal in accordance with Local Rule 79-5 of the Civil Local Rules, Northern District of California (or the applicable Rules in effect at the time), and any applicable Standing Orders. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal, it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

6.   STIPULATED PROTECTIVE ORDER

seal.

15. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

16. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court. This Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

Dated: October 11, 2013

/S/ Alexa L. Woerner
Michael E. Brewer
Alexa L. Woerner
LITTLER MENDELSON, P.C.
Attorneys for Defendant
CVS PHARMACY, INC.

Dated: October 11, 2013

/S/ Steven Kesten
Steven Kesten
Jeremiah Stephens-Smiddy
KESTEN-LAW
Attorneys for Plaintiff
TRI QUACH

Dated: October 11, 2013

/S/ Peter F. Lacques
Peter F. Lacques
LAW OFFICE OF PETER F. LACQUES
Attorneys for Plaintiff
TRI QUACH

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

7.   STIPULATED PROTECTIVE ORDER

1  I, the filer of this document, attest that all other signatories listed, and on whose
2  behalf the filing is submitted, concur in the filing's content and have authorized the filing.

5  Dated: October 11, 2013

By /S/ Alexa L. Woerner
Michael E. Brewer
Alexa L. Woerner
LITTLER MENDELSON, P.C.
Attorneys for Defendant
CVS PHARMACY, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 22, 2013

IT IS SO ORDERED
Judge Edward M. Chen

HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

8.   STIPULATED PROTECTIVE ORDER

## **EXHIBIT A**

1. I have received a copy of the Stipulated Protective Order (the "Protective Order") entered by the United States District Court for the Northern District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Protective Order.

2. I agree to be bound by all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or used except for purposes of this action, any information designated as "Confidential" which I receive in this action.

3. I understand a violation of the Protective Order is punishable by contempt of Court, and/or a claim for damages, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Protective Order.

Executed on: _____ By: _____

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. C13-02695-EMC)
FIRMWIDE:123574489.1 057985.1096

9. STIPULATED PROTECTIVE ORDER