UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI QUACH,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS PHARMACY, INC.,<br><br>    Defendant.<br>_____/ | No. C-13-2695 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**(Docket No. 19)** |

        Pending before the Court is Plaintiff Tri Quach's motion for leave to file an amended complaint. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for February 6, 2014. Defendant CVS Pharmacy, Inc. ("CVS") has opposed the motion. For the foregoing reasons, the Court **GRANTS** Plaintiff's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

        Mr. Quach alleges that at all times relevant to this complaint he was employed by CVS. Complaint ("Compl.") ¶ 8. Mr. Quach had polio as a child, which caused a pronounced limp in his right leg, a disability as defined by Government Code § 12926(I) and/or § 12926(k) and as set forth in Government Code § 12926.1(c). *Id.* ¶ 9. Mr. Quach's disability makes it unsafe for him to operate a vehicle. *Id.* ¶ 10. Thus, he relies on public transportation to travel to and from work. *Id.* While employed at CVS, Mr. Quach received positive reviews for his work as assistant manager. *Id.* ¶ 11.

        In or around Fall 2009, Mr. Quach participated in a police investigation concerning a co-worker who was sexually assaulted by another co-worker's husband. *Id.* ¶ 12. The officer in charge

of the investigation asked Mr. Quach not to discuss the investigation. *Id*. Eventually Mr. Quach's store manager at the San Anselmo CVS, Lew Fiske, discovered that Mr. Quach knew about the sexual assault and cooperated with the police. *Id*. ¶ 13. In response, Mr. Fiske wrote up Mr. Quach for not informing him about the investigation. *Id*. In or around Spring 2010, Mr. Fiske told Mr. Quach that Mr. Quach was being transferred from the San Anselmo CVS to the Terra Linda CVS where supposedly better career opportunities existed. *Id*. ¶ 14.

In or around March 2013, Mr. Quach told his Terra Linda store manager, Carlos Torres, that as an accommodation for his disability, he needed to leave work by 7:00 p.m. *Id*. ¶ 15. Mr. Quach explained to Mr. Torres that he needed the accommodation to catch the last bus leaving Terra Linda at 7:30 p.m. to arrive home in San Anselmo. *Id*. Responding through text message, Mr. Torres said he is not responsible for determining how Mr. Quach gets to and from work. *Id*.

In or around March 2013, Mr. Quach asked CVS several times to be transferred back to the CVS in San Anselmo but Carlos Torres and the district manager, Nick Beardsley, denied his requests for transfer. *Id*. ¶ 16. Despite Mr. Fiske assuring Mr. Quach that better career opportunities existed at the Terra Linda CVS, the company did not promote Mr. Quach. *Id*. ¶ 17. Furthermore, five new store manager positions opened around the Marin area and Mr. Quach was still not promoted although he had been assistant manager for seven years. *Id*. Mr. Quach believes CVS is discriminating against him based on his disability and retaliating against him for participating in the police investigation. *Id.* ¶¶ 16, 17.

On May 14, 2013, Mr. Quach sued CVS claiming its employment practices are unlawful and contrary to California's public policies. *Id*. ¶ 5. Also, Mr. Quach alleges CVS has engaged, and continues to engage, in unfair and unlawful business practices in violation of California Fair Employment and Housing Act, Government Code § 12940 *et seq. Id*.

The parties agreed in the Joint Case Management Statement ("CMS") filed on September 12, 2013, to a deadline of December 19, 2013, to file a motion to amend. CMS at 6:18. On September 24, 2013, Mr. Quach's counsel emailed CVS's counsel a draft of Mr. Quach's proposed first amended complaint and asked if CVS would stipulate to filing the amended complaint. *See* Declaration of Peter Lacques ("Lacques Decl.") ¶ 5. In an email dated October 4, 2013, CVS agreed

to stipulate to Mr. Quach filing an amended complaint based on allegations of wrongful conduct by CVS occurring since the original complaint was filed. *Id.* Thereafter, CVS's counsel did not sign the stipulation. *Id.* ¶ 6. The parties attended mediation on November 8, 2013, but the case failed to settle. *Id.* Since September 24, 2013, there were numerous alleged instances of wrongful conduct by CVS against Mr. Quach which necessitated Mr. Quach to revise the initial first amended complaint. *Id.* ¶ 7. On December 12, 2013, Mr. Quach's counsel gave CVS a further revised complaint but CVS's counsel refused to stipulate to the filing of the amended complaint. *Id.* ¶¶ 8-9.

On December 16, 2013, Mr. Quach filed a motion for leave to file an amended complaint (Dkt. No. 19) before the parties' agreed-upon deadline on December 19, 2013 (CMS at 6:18). The proposed amended complaint adds facts, including facts from April 2013 (Lacques Decl., Ex. B, ¶¶ 23-27), and a claim for violation of Cal. Gov. Code §12940(f). *See* Lacques Decl., Ex. B.

The new facts assert that in April 2013 Mr. Quach complained to HR manager, Justin Knight, and CVS Interim District Manager Danny Dwyer, requested a transfer to a store closer to his home, and a modified schedule so he could take the bus both as an accommodation and to escape Mr. Torres's harassment. Lacques Decl., Ex. B, ¶ 21. Also, Mr. Quach alleges that he complained to Mr. Dwyer about being denied promotions due to discrimination. *Id.* Mr. Quach again raised these issues with Mr. Beardsley who responded by saying that the complaints were delusional and by threatening Mr. Quach's job. *Id.* ¶ 22. On April 1, 2013, Mr. Quach filed DFEH Discrimination Charge No. 102322-45669. *Id.* ¶ 23.

On April 17, 2013, Mr. Quach's co-worker and roommate, Angelika, requested to work until 8:00 p.m., when Mr. Quach was scheduled to work until after the last bus, so she could give Mr. Quach a ride home. *Id.* ¶ 24. In response, Mr. Torres harassed Angelika and then berated, harassed, and taunted Mr. Quach when he protested Mr. Torres's behavior towards Angelika. *Id.* Mr. Quach complained to Mr. Beardsley about this incident and Mr. Torres's ongoing refusal for a scheduling accommodation. *Id.* ¶ 25. Mr. Beardsley explained that Mr. Torres did not need to accommodate him and that the denial of accommodation came from the legal department. *Id.* Thereafter, Mr. Torres continued to retaliate and/or deny accommodation by scheduling Mr. Quach to work seven days in a row and/or after the buses stopped running. *Id.* ¶ 26. On April 20, 2013, Mr. Quach sent

an email to Mr. Beardsley and CVS H.R. Manager Carrie Hammond Holmes detailing his issues, furthering his request for transfer, and protesting CVS's discriminatory failure to promote him. *Id.* ¶ 27.

The proposed amended complaint also includes facts detailing CVS's treatment towards Mr. Quach since the filing of the original complaint on May 14, 2013. *Id.* ¶¶ 28-41. Additionally, the proposed amended complaint adds a cause of action for illegal inquiry into an employee's health status. *Id.* ¶¶ 79-84.

## II.  DISCUSSION

Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it or 21 days after a responsive pleading or service of a motion under Rule 12. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts provide leave to amend "when justice so requires." *Id.* Courts apply the policy favoring amendments to pleadings with extreme liberality. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "[T]he circumstances in which the rule permits denial of leave to amend are limited." *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). In *Foman v. Davis*, 371 U.S. 178 (1962), the Court articulated circumstances for district courts to consider when determining whether to grant a party leave to amend which include, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Id.* at 182.

CVS argues the Court should deny Mr. Quach's motion because he unduly delayed filing his amended complaint, especially in light of the fact that Mr. Quach could have asserted the new facts in his original complaint. Defendant's Opposition To Plaintiff's Motion For Leave To File Amended Complaint ("Def.'s Opp.") at 4:4-7. When courts evaluate "a motion for leave to amend, a substantial delay on the part of the moving party, while not in itself sufficient to warrant denial, is nevertheless relevant." *In re Fritz Companies Sec. Litig.*, 282 F. Supp. 2d 1105, 1110 (N.D. Cal. 2003). Accordingly, courts have denied leave to amend where there has been substantial delay combined with other factors. For example, in *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th

Cir. 1990), the court denied a motion to amend after the appellants "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and in February 1988, but they delayed offering their amended complaint until May 1988." Similarly, in *In re Fritz*, 282 F. Supp. 2d at 1110, the court denied the plaintiffs' motion for leave to amend after the plaintiffs delayed filing their motion for three years after the dismissal of their second amended complaint.

The Court disagrees with CVS's argument that Mr. Quach unduly delayed seeking leave to amend. The only arguable delay in this case is between May 14, 2013 – the date the initial complaint was filed – and September 24, 2013 – the date Mr. Quach sent CVS a draft amended complaint and asked if CVS would stipulate to filing the amended complaint. As discussed below, the delay thereafter is excusable because of CVS's initial indication it would stipulate to the filing and the pendency of mediation. The Court finds the four month "delay" attributable to Mr. Quach was not undue and does not warrant denial. *See, e.g., Nucal Foods, Inc. v. Quality Egg LLC*, CIV S-10-3105 KJM, 2012 WL 260078, at *6 (E.D. Cal. Jan. 27, 2012) (granting leave to amend where the court found "only nine months passed between the filing of the original complaint and the present motion"); *see also Causey v. Portfolio Acquisitions, LLC*, CIV S-10-2781 KJM, 2012 WL 28673, at *3 (E.D. Cal. Jan. 4, 2012) ("[A]lthough plaintiffs' original complaint was filed over a year ago, the court cannot say that there has been 'undue delay' by plaintiffs in seeking leave to file their proposed second amended complaint."). While Mr. Quach could have included facts in his original complaint that he now seeks to include in his amended complaint filed on December 16, 2013, his failure to do so does not constitute undue delay. *Ur-Rahman v. RadioShack Corp.*, C-07-04427 RMW, 2008 WL 2949273, at *2 (N.D. Cal. July 25, 2008) (The court found that although "Ms. Ur-Rahman could have alleged her claims in her first complaint, the court does not believe that her delay in doing so is 'undue'").

To the extent CVS contends that Mr. Quach unduly delayed by waiting approximately two months to files his motion after CVS stipulated to the filing of the amended complaint, that argument is meritless. Mr. Quach has provided reasonable explanations for waiting to file his amended complaint. First, facts arose after Mr. Quach presented CVS's counsel with the first iteration of the first amended complaint that he wanted to include in the amended complaint.

Lacques Decl. ¶ 7.  Second, Mr. Quach reasonable waited to file an amended complaint until after the parties attended attempts at mediation had concluded.  Lacques Decl. ¶ 6.  *See, e.g.*, *Children's Hosp. & Research Ctr. at Oakland v. Health Plan of Nevada, Inc.*, 07-6069 SC, 2008 WL 4067426, at *3 (N.D. Cal. Aug. 28, 2008) (finding no undue delay, in part, because the party delayed seeking amendment until after the party's settlement talks); *see also Segal v. Brachfeld*, C-11-05524 EDL, 2012 WL 3792756, at *2 (N.D. Cal. Aug. 31, 2012) (same).

Finally, the central issue under Rule 15 is whether the opposing party would be prejudiced.  CVS has not argued that it has been prejudiced as a result of the undue delay, and the Court can find none.  *See, e.g.*, *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009) ("The issues of undue delay and undue prejudice overlap somewhat, as delay generally cannot be undue unless it has caused some prejudice to the non-moving party."); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.").  Here, trial is ten months away, discovery is ongoing, and no depositions had been taken at the time Mr. Quach filed his motion for leave to amend.  *See* Joint Updated Case Management Conference Statement (Dkt. No. 25).  In these circumstances, the Court finds CVS has suffered no prejudice as a result of Mr. Quach seeking leave to amend his complaint.

### III.  CONCLUSION

Accordingly, the Court hereby **GRANTS** Mr. Quach's motion for leave to file an amended complaint.  CVS's opposition and failure to stipulate is unjustified and borders on being frivolous.

This order disposes of Docket No. 19.

IT IS SO ORDERED.

Dated:  February 6, 2014

EDWARD M. CHEN
United States District Judge